IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRESLEY T. HENDLEY,      §<br>    Plaintiff,             §<br>                          §<br>v.                        §    No. 3:20-cv-03343-G (BT)<br>                          §<br>TEXAS DEPARTMENT OF       §<br>CORRECTIONS,             §<br>    Defendant.           § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tresley T. Hendley, a Nevada prisoner, filed a *pro se* civil rights action under 42 U.S.C. § 1983. The Court granted Hendley leave to proceed *in forma pauperis* but withheld issuance of process pending judicial screening. Ord. (ECF No. 5). Now having completed the judicial screening, the undersigned recommends that the Court dismiss Hendley's second amended complaint for failure to state a claim upon which relief may be granted.

I.

On November 9, 2020, the Court received Hendley's original complaint on a form promulgated for use in the United States District Court for the District of Nevada. Compl. (ECF No. 3). In it, he claims that an unknown person with the Texas Department of Corrections gave false information for use in a presentence investigation report (PSI). *Id.* 2. The next day, the Court issued an order and notice of deficiency advising Hendley that his complaint was not in compliance with Federal Rule of Civil Procedure 8(a) and provided him a § 1983 complaint form for

1

use in this District. Order (ECF No. 6). On January 5, 2021, the Court received Hendley's amended complaint. Am. Compl. (ECF No. 7). It also appears to challenge the veracity of certain information included in a PSI regarding his criminal history in Texas and Nevada. *See id.* 4. He names the Texas Department of Corrections as the only defendant and demands $2 million in damages. Then, on January 20, 2021, the Court received a handwritten statement from Hendley, in which he generally re-states the same information contained in his complaint and amended complaint and offers to accept a settlement of $1.5 million. Notice (ECF No. 8).

On February 23, 2021, the magistrate judge issued findings and conclusions (ECF No. 9), recommending that the Court dismiss this civil action under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The next day, the Court received Hendley's second amended complaint (ECF No. 10), which contains allegations consistent with those in Hendley's other pleadings. On February 26, 2021, the magistrate judge vacated her earlier findings and conclusions.

II.

Hendley's amended complaint and second amended complaint are subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or

> dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

Hendley generally complains of "false" information in two PSIs. Compl. 1; Am. Compl. 4; 2d Am. Compl. 3; Notice 2. According to Hendley, the PSIs misstate his criminal history. Am. Compl. 4. He claims he has been to prison only twice in the Texas Department of Corrections, and he went to state jail in Texas once, but the PSIs state he has been to prison in Texas four times. Compl. 4. The PSIs also state that he has been to prison six times for eight felonies, which he apparently

3

disputes. *Id.* Hendley claims that the Texas Department of Corrections and the State of Nevada failed to "fix and modify" the PSI errors. *Id.* And based on this conduct, Hendley asks the Court to correct the PSIs and award him monetary damages. *Id.*

The Court liberally construes Hendley's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Hendley's pleadings fail to state a claim upon which relief can be granted. Hendley complains that an unnamed person or persons included incorrect information about his criminal history in two PSIs. Although he identifies the allegedly erroneous information, his pleadings are otherwise devoid of factual content that would allow the Court to draw the reasonable inference that any Texas Department of Corrections official is liable for the misconduct alleged. Further, the Fifth Circuit has held that preparing and submitting a PSI is conduct protected by absolute immunity because the report is an integral part of the sentencing process and the officer preparing the report is acting under the court's direction. *See Spaulding v. Nielsen*, 599 F.2d 728, 729 (5th Cir. 1979). Hendley's second amended complaint should therefore be dismissed because he fails to state a claim upon which relief can be granted.

IV.

The Court should dismiss this civil action under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

Signed March 12, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).